**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JUL 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



|  |  |
|---|---|
| EVELIN NOHEMI RODRIGUEZ-HERRERA; MAYCKOL ALEXIS MARTINEZ-RODRIGUEZ,<br><br>Petitioners,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.   20-72795<br><br>Agency Nos.      A208-453-268<br>A208-453-269<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 16, 2022**
San Francisco, California

Before:  BYBEE, CALLAHAN, and COLLINS, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Lead Petitioner, Evelin Nohemi Rodriguez-Herrera, and her minor son are citizens of Guatemala.[1]  They entered the United States on October 9, 2015 without admission or parole.  An Immigration Judge (IJ) denied Rodriguez-Herrera's application for asylum, withholding, and protection under the Convention Against Torture (CAT), and the Board of Immigration Appeals (BIA) affirmed.  Now, Rodriguez-Herrera timely petitions on four grounds.  First, she contends that the BIA acted as an improper factfinder when it held that the IJ's initial confusion about the identity of the respondents constituted harmless error.  Second, she asserts that the IJ was biased and failed to familiarize himself with the record, and, as a result, violated her due process rights.  Third, she argues that adverse credibility determinations against her husband and her were not supported by substantial evidence.  And fourth, she suggests that the agency failed to consider documentary evidence that would have established eligibility for relief, even disregarding the testimonial evidence.

We have jurisdiction under 8 U.S.C. § 1252(a)(1).  We dismiss in part and deny the petition.  Questions of law, including due process violations, are reviewed *de novo*.  *Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 889 (9th Cir. 2018).  We

---

[1] Rodriguez-Herrera's minor son is a derivative beneficiary on her asylum application.

review factual findings for substantial evidence. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020). Under this standard, we must uphold the findings unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992). When applying this standard of review, we may not re-weigh the evidence, *Gu v. Gonzales*, 454 F.3d 1014, 1018–19 (9th Cir. 2006), and may only reverse if no reasonable factfinder could have reached the agency's conclusion, *Elias-Zacarias*, 502 U.S. at 481. As long as the IJ has provided specific and cogent reasons for finding the applicant not credible, "only the most extraordinary circumstances will justify overturning [the agency's] adverse credibility determination." *Shrestha v. Holder*, 590 F.3d 1034, 1040–41 (9th Cir. 2010) (quoting *Jibril v. Gonzales*, 423 F.3d 1129, 1138 n.1 (9th Cir. 2005)).

1.      Although both parties agree that the IJ erroneously stated that Rodriguez-Herrera's husband, Wilder Martinez-Lopez, was a respondent in the case before him, the BIA correctly determined that this constituted harmless error, and this decision did not render the BIA an improper factfinder. First, the BIA correctly noted that the IJ was alerted to his mistake by Rodriguez-Herrera's trial counsel and then corrected himself. Second, contrary to Rodriguez-Herrera's claims before this court, the mistaken appellations do not render the decision

3

indecipherable. Moreover, there is no meaningful ambiguity in the portions of the decision relevant to the adverse credibility determination upon which denial of Rodriguez-Herrera's asylum application rests. Thus, the BIA did not act as a factfinder when reviewing the IJ's decision.[2]

2.      Rodriguez-Herrera contends that the BIA erred in upholding the IJ's adverse credibility determination because the finding lacked substantial evidence and the IJ improperly relied on her credible fear interview when evaluating alleged inconsistencies. An IJ is not required to interpret evidence as the respondent advocates. *See Don v. Gonzales*, 476 F.3d 738, 744 (9th Cir. 2007). Rather, the IJ must only "consider the petitioner's explanation for any inconsistency" while

---

[2] Rodriguez-Herrera's due process arguments concerning the change of IJs between the master calendar and merits hearings, as well as the IJ's alleged bias, were not briefed before the BIA and are not properly before this court. *See Arsdi v. Holder*, 659 F.3d 925, 928–29 (9th Cir. 2011) ("[F]ailure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter." (quoting *Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004))). But, to the extent that the BIA's decision to address the IJ's error discussed above created an opportunity to consider whether the IJ's "lack of familiarity with the record" violated Rodriguez-Herrera's due process rights to a "full and fair hearing," then the error was harmless. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice for a due process violation); *Vides-Vides v. INS*, 783 F.2d 1463, 1469 (9th Cir. 1986) (denying a due process claim where petitioner was not prejudiced by substitution of an IJ). Moreover, the IJ's references to the record, including when cross-examining Martinez-Lopez about his salary as a waiter and when crediting his aunt's reliance on the police report, demonstrate that he did, in fact, familiarize himself with the record.

excluding any "utterly trivial inconsistency that . . . [has] no bearing on a petitioner's veracity." *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014) (alteration in original) (internal quotations omitted) (quoting *Shrestha*, 590 F.3d at 1043–44). Mere omissions of details are insufficient to uphold adverse credibility determinations. *See Lai v. Holder*, 773 F.3d 966, 971 (9th Cir. 2014). But, an IJ may "afford substantial weight" to omissions that relate to events directly experienced by a witness and emerge on direct examination. *Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1093 (9th Cir. 2021). Such omissions are all the more significant when they reflect "a much different—and more compelling—story of persecution." *Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011).

      a.     Substantial evidence supports Martinez-Lopez's lack of credibility

First, Rodriguez-Herrera fails to challenge the IJ's determination that Martinez-Lopez provided inconsistent and vague testimony regarding the gang affiliations of his persecutors, and thus any challenge is forfeited. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (arguments not made in a petitioner's opening brief before this court are forfeited).

Second, Rodriguez-Herrera provides only conclusory assertions that the IJ's finding of an inconsistency regarding Martinez-Lopez's salary as a waiter was unsupported by the record. Although Martinez-Lopez did, in fact, provide an

explanation that his salary had ranged between 700 and 1000 Quetzales as a waiter, the IJ was not required to accept this explanation. Martinez-Lopez's asylum application explicitly stated that his salary was "only" 700 Quetzales but he knew he needed to pay the extortion money regardless of the hardship it caused. Given the emphasis that Martinez-Lopez placed on his limited income, it was not unreasonable for the IJ to impeach Martinez-Lopez's credibility with the inconsistent, prior statement after he claimed a significantly higher salary during his oral testimony.

Finally, Rodriguez-Herrera's arguments regarding the motorcycle incident are unpersuasive. The BIA's reason for rejecting the explanation proffered for the incident's omission is plainly supported in the record—at Rodriguez-Herrera's first hearing, the IJ explicitly waived her son's presence at all future hearings. Moreover, Martinez-Lopez's statement that he had relayed the story at an earlier hearing for his own asylum application also belies the couple's assertions during the merits hearing that they agreed not to share the story for fear of traumatizing their son. In short, the addition of the accusation, some two hours into the hearing, would have significantly strengthened the asylum claim, and the BIA did not err in considering its earlier omission when upholding the adverse credibility determination. Together, the inconsistencies and omission identified by the agency

6

constitute substantial evidence to support the determination that Martinez-Lopez was not credible.

   b.   Substantial evidence supports Rodriguez-Herrera's lack of credibility

   For the reasons stated above, the agency did not err when considering the omission of the motorcycle incident.  Nor was use of the credible fear interview to impeach Rodriguez-Herrera improper.  *See Li v. Ashcroft*, 378 F.3d 959, 963 (9th Cir. 2004), *superseded on other grounds by statute*, 8 U.S.C. § 1158(b)(1)(B)(iii); *Matter of J-C-H-F-*, 27 I. & N. Dec. 211, 214–16 (B.I.A. 2018).  Together with the omission of the motorcycle incident, Rodriguez-Herrera's inconsistent testimony regarding the weapon allegedly used to threaten her husband during a key event supporting her asylum application provides substantial evidence for the adverse credibility determination.

   3.   Despite Rodriguez-Herrera's claims in her opening brief before this court that she provided sufficient documentary evidence to satisfy her burden, she did not make this argument before the BIA.  Her brief to the BIA argued that "[b]ecause the [IJ] erroneously found adverse credibility, he never got to the merits of claim" and suggested that the IJ should have considered the merits of the claim "in case the adverse credibility finding does not survive review."  In context, then, Rodriguez-Herrera's BIA brief sought a ruling in the alternative, not consideration

7

of the sufficiency of the claim on documentary evidence alone. Accordingly, we lack jurisdiction to consider the argument now. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 819 (9th Cir. 2003).

**PETITION DISMISSED IN PART AND DENIED IN PART.**